**THOMAS v. OBENCHAIN et al.**

No. 12972.

United States Court of Appeals Fifth Circuit.

Dec. 6, 1950.

Edward J. P. Zimmerman, Sp. Asst. to the Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to the Atty. Gen., Frank B. Potter, U. S. Atty., Fort Worth, Tex., O. Morris Harrell, Asst. U. S. Atty., Dallas, Tex., for appellant.

Geo. S. Atkinson, Tom B. Rhodes, Jr., Dallas, Tex., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

The trial court held that Mrs. Goodwin inherited a business from her husband, and at the time in question was engaged in the money-lending business, which in-

---

1. 1948 Revised Criminal Code, 18 U.S.C.A. § 2421 et seq.

cluded investments. We think she was merely investing her own money, and was not engaged in a trade or business within the meaning of Section 23(k) (4) of the Internal Revenue Code, 26 U.S.C.A. § 23 (k) (4). We agree with appellant that, under the evidence in the case, the lower court's finding was clearly erroneous. See Higgins v. Commissioner of Internal Revenue, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783.

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.